## 25272, 25273. CITY OF ATLANTA et al. v. ROYAL PEACOCK SOCIAL CLUB, INC. et al. (two cases).

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969.

*Henry L. Bowden, Martin McFarland,* for appellants.

*Henning, Chambers, Mabry & Crichton, Edward J. Henning,* for appellees.

ALMAND, Chief Justice. This litigation had its inception when the Royal Peacock Social Club, Inc., filed a complaint against the City of Atlanta, its mayor, chief of police and clerk. It sought to enjoin the defendants from enforcing the "Bottle House" provisions of an ordinance of the city and to declare such provision unconstitutional and void.

In its complaint, Royal Peacock alleged that it operated a business on Saturdays, Sundays and Mondays by furnishing a place where people may congregate for the purpose of listening to and dancing to music. The club charges an admission fee

of $3. It also serves food and soft drinks to its customers and receives income from selling pictures of musicians and from checking coats and hats. Plaintiff alleged that some of the customers bring with them bottles containing alcoholic beverages. The club does not sell or serve alcoholic beverages. Plaintiff further alleged that only 15% of its income is derived from the sale of soft drinks and ice.

It was alleged that the club had licenses from the City of Atlanta to operate a dance hall, and for the sale of food and soft drinks. The city and its police department have prosecuted plaintiff's assistant manager for violating the Alcoholic Beverage Control Ordinance by operating a "Bottle House." Said ordinance defines a "Bottle House" as being "Any place of business open to the public or any private club which allows patrons or members to bring in and consume alcoholic beverages on the premises and where a substantial portion of such business is the providing of set-ups and mixers for the use of patrons or members in the consumption of alcoholic beverages."

The complaint asserts two grounds upon which the defendants should be enjoined from enforcing the "Bottle House" provisions of said ordinance: (1) that a substantial portion of plaintiff's business is not in providing set-ups and mixers for the use of patrons or members in the consumption of alcoholic beverages; and (2) that said provision in the ordinance violates the Due Process Clause of the 14th Amendment of the United States Constitution and of the Georgia Constitution.

The defendants filed their general and special demurrers, and asserted in their answer that the funds collected by the club for the sale of set-ups, soft drinks and ice did constitute a substantial portion of the club's business. They further alleged that the club was subject to the provisions of the ordinance.

On June 19, 1968, the defendants filed their motion for a summary judgment. This motion was denied on January 8, 1969, and the right of review by direct appeal was granted. Case 25272 seeks a review of this order.

On January 7, 1969, the plaintiff, Royal Peacock, filed its motion for a summary judgment on the ground, "that there is no genuine issue as to any material fact in that under the facts,

the plaintiff is not subject to and does not come within the terms prescribed in the defendant's said ordinance and therefore should not be required to purchase a 'bottle house' license provided for therein." Their motion was based upon (a) the pleadings, and (b) the affidavits filed by both of the parties.

This motion of the plaintiff was granted, and the defendant's appeal (Case 25273) seeks a reversal of this order.

The fact that each side may move for a summary judgment does not mean that there is no material issue of fact in the case. Though the defendant, in his motion, asserts that if you accept his legal theory, then the facts are undisputed, he may be able, and should be allowed to show that if plaintiff's legal theory be adopted, a genuine dispute as to a material fact exists. Walling v. Richmond Screw Anchor Co., 154 F2d 780.

The trial court did not make any ruling on the constitutionality or validity of the "Bottle House" ordinance. The sole effect of the court order granting plaintiff's motion for a summary judgment is that under the pleadings and affidavits of the parties, the plaintiff, as a matter of fact and law, was not subject to the "Bottle House" ordinance. This limited ruling by the trial court is permitted under Code Ann. § 81A-156 (d).

We review first the order granting plaintiff's motion for a summary judgment (Case 25273).

On the hearing of this motion, the court had before it the exhibit attached to the plaintiff's complaint showing the gross receipts of the club for Saturday, Sunday and Monday, (May 6-8, 1967, to wit: $3,544 collected for admission fees, and $847.29 for food, cloakroom, pictures, soft drinks and ice.

Defendants submitted the affidavits of several police officers. One testified that he had visited the club and found it to be an establishment engaged primarily in providing space for people to consume their own alcoholic beverages. Another officer swore that he was present in the club on May 8, 1967, and observed about 200 persons all seated at tables on which were located various sized bottles which appeared to contain alcoholic beverages. Another officer testified that on the night of May 8, he paid $3 to enter the club. He ordered a set-up and Coke for which he paid $1.81. He testified that there were

150 to 200 persons seated at the tables on each of which there were one or more bottles of whiskey.

The sole question to be considered with regard to the plaintiff's motion for summary judgment is whether the pleadings and evidence demand a finding that a substantial portion of plaintiff's business came from the providing of set-ups and mixers for the use of patrons or members in the consumption of alcoholic beverages. In our opinion, the pleadings and evidence created an issue of fact for the jury.

Questions of law and fact are involved in the issues made which can only be settled by a jury. *Frank v. City of Atlanta*, 72 Ga. 428 (1). It was error to grant a summary judgment in favor of the plaintiff on this one issue.

In Case 25272 (the appeal of the defendants from the order denying their motion for a summary judgment), the motion was for a judgment that the City of Atlanta may collect the license fees provided for by law.

We have held in Case 25273 that the pleadings and affidavits raised a genuine issue of fact as to whether the plaintiff's operation of the club came under the provisions of the "Bottle House" ordinance. The right of the defendant to compel the plaintiff to obtain a license in order to operate its business is dependent upon our answer to that question; and we have already held that the question can only be answered by a jury. It was not error to deny the appellant's motion for a summary judgment.

*Judgment affirmed in Case 25272; reversed in Case 25273. All the Justices concur.*